UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                         :
LOCKTON PARTNERS, LLC,                                    :

                     Plaintiff,                                                    :

                     -v-                                                   :          25 Misc. 102 (JPC)

STONE POINT CAPITAL LLC,                         :                ORDER

                    Defendant.                                           :
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      Plaintiff Lockton Partners, LLC ("Lockton") initiated this case on March 13, 2025, by filing a motion to compel Defendant Stone Point Capital LLC's ("Stone Point") compliance with a Rule 45 subpoena for documents, issued in connection with litigation ongoing in the Western District of Missouri in *Lockton Companies LLC – Pacific Series v. Barnes*, No. 23 Civ. 705 (SRB) (W.D. Mo.). Dkts. 1, 9 ("Motion"); *see also* Fed. R. Civ. P. 45(d)(2)(B)(i). Stone Point opposed the motion on April 10, 2025, Dkt. 22 ("Opposition"), and Lockton replied on April 25, 2025, Dkt. 26 ("Reply"). The Court held a hearing on Lockton's motion on May 20, 2025. *See* Transcript, May 20, 2025 ("Tr."). For the following reasons, Lockton's motion is granted in part and denied in part.

## I. Legal Standard

      Federal Rule of Civil Procedure 45(a)(1) allows a party to serve a subpoena on a non-party for the production of documents. *See* Fed. R. Civ. P. 45(a)(1). "The party seeking discovery from a non-party under Rule 45 bears the initial burden of proving that the information and testimony sought in the subpoena are relevant and proportional to the needs of the case, and the burden then shifts to the party opposing discovery to show that the information sought is privileged or unduly

burdensome." *Athalonz, LLC v. Under Armour, Inc.*, No. 24 Misc. 47 (DEH), 2024 WL 1555685, at *3 (S.D.N.Y. Apr. 10, 2024) (internal quotation marks omitted and alterations adopted). "Determining undue burden requires a court to balance relevance, a party's need for the documents, whether the documents are available from other sources, the particularity with which the documents are described, and costs." *Sec. & Exch. Comm'n v. Archer*, No. 16 Civ. 3505 (WHP), 2018 WL 3424449, at *1 (S.D.N.Y. July 2, 2018).

"Subpoenas issued under Rule 45 of the Federal Rules of Civil Procedure are subject to Rule 26(b)(1)'s overriding relevance requirement." *During v. City Univ. of N.Y.*, No. 05 Civ. 6992 (RCC), 2006 WL 2192843, at *2 (S.D.N.Y. Aug. 1, 2006). Federal Rule of Civil Procedure 26(b)(1) provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Under Rule 26(b)(1), "relevance, for purposes of discovery, is an extremely broad concept." *Brunckhorst v. Bischoff*, No. 21 Civ. 4362 (JPC), 2022 WL 18358990, at *2 (S.D.N.Y. Dec. 28, 2022) (internal quotation marks omitted). "In federal actions, discovery should be broad, and all relevant materials which are reasonably calculated to lead to the discovery of admissible evidence should be [discoverable]." *Nat'l Cong. for Puerto Rican Rights v. City of New York*, 194 F.R.D. 88, 92 (S.D.N.Y. 2000) (internal quotation marks omitted).

Rule 26(b)(2), in turn, "imposes general limitations on the scope of discovery in the form of a 'proportionality test.'" *Zubulake v. UBS Warburg LLC*, 217 F.R.D. 309, 316 (S.D.N.Y. 2003). Discovery should be limited if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less

2

expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).  Therefore, "a court has the discretion to deny discovery requests if it determines that the burden or expense of the proposed discovery outweighs its likely benefit," and "[w]here discovery is sought from a non party," like Stone Point here, "the Court should be particularly sensitive to weighing the probative value of the information sought against the burden of production on the non party." *Blackrock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, Nat'l Ass'n*, Nos. 14 Civ. 9371 (KPF) (SN), 14 Civ. 9764 (KPF) (SN), 2017 WL 9401102, at *1 (S.D.N.Y. Mar. 2, 2017) (internal quotation marks omitted) (collecting cases).

## II. Discussion

This Order assumes the reader's familiarity with the background of this matter.  Lockton seeks the production of three categories of documents.  First, documents "related to Alliant's leveraged hire strategy."  Motion at 10.  This category covers Requests for Production 3, 4, 5, 6, 10, 13, 19, and 26.  *Id.* at 10-11 n.9, 11 n.10.  Second, documents "related to Alliant's effort to misappropriate confidential information from Lockton."  *Id.* at 11.  This category addresses Request for Production 22.  *Id.* at 11 n.11.  Third, Lockton seeks production of "a privilege log reflecting all documents withheld on the basis of privilege."  *Id.* at 11.

### A. Leveraged-Hire Strategy

The Court sees some relevance to the documents subject to Lockton's leveraged-hire strategy requests.  Lockton proffers that such documents would help "establish Alliant's knowledge and/or intent" as part of its claims for tortious interference, misappropriation of trade secrets, and aiding and abetting.  Motion at 12.  If Stone Point were a defendant in the Missouri litigation, and these documents were sought to establish its own knowledge and intent, Lockton certainly would have a strong case for relevance under Rule 26.  The issue for Lockton is that the documents in Stone Point's possession would be used to establish the knowledge and intent of a different entity, Alliant.  It follows that internal Stone Point documents never communicated or

3

sent to Alliant would have minimal, if any, relevance to establishing Alliant's own knowledge and intent for purposes of the Missouri litigation.

To the extent that such documents were communicated to Alliant, Lockton faces an issue under Rule 26(b)(2), namely that such documents "can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). As Lockton acknowledges, the documents targeted in the leveraged-hire strategy requests will overlap with documents that Alliant itself will produce in the Missouri litigation. *See* Tr. at 7:9 ("[N]o doubt there will be some duplication."). "[W]ithin this Circuit, courts have held nonparty status to be a significant factor in determining whether discovery is unduly burdensome." *In re 650 Fifth Ave. & Related Props.*, No. 08 Civ. 10934 (KBF), 2013 WL 12335763, at *2 (S.D.N.Y. Aug. 29, 2013) (internal quotation marks omitted). If the relevant documents would entirely be obtainable through Alliant, the Court would see no reason to burden non-party Stone Point with production of repetitive documents. *See Fishon v. Peloton Interactive, Inc.*, 336 F.R.D. 67, 69 (S.D.N.Y. 2020) ("One of the factors that goes to 'undue burden' is whether the requested information can be obtained from the parties themselves.").

To thread a needle between Rule 26(b)(1)'s relevance requirement and Rule 26(b)(2)'s undue burden analysis, therefore, Lockton frames certain documents as being uniquely in the possession of Stone Point. But the examples Lockton offers would not obviously be left out of Alliant's productions. For example, a presentation given to Alliant's Board of Directors about the leveraged-hire strategy, *see* Reply at 2, and any recommendations made by Stone Point to pursue the leveraged-hire strategy that were sent to Alliant, *id.* at 2-3, would seem to be subject to discovery requests that Lockton can direct to Alliant. Yet, it is unclear whether such documents will be produced by Alliant in the Missouri litigation, as Alliant's productions in that case are not complete. *See* Tr. at 6:25-7:2 (explaining that Alliant has "made substantial productions of

4

documents, but there's many things still outstanding").

For purposes of resolving the present motion, this complicates the Court's assessment of proportionality under Rule 26(b)(2). The Court's analysis of these requests for production would be informed by Alliant's productions in the Missouri litigation, and in particular whether Lockton has reason to suspect that the productions in that action are deficient.[1] The Court concludes that it is prudent to largely deny these requests for production without prejudice to renewing this motion once Alliant's productions are complete. *See Athalonz*, 2024 WL 1555685, at *4 (quashing a Rule 45 subpoena without prejudice to service of a new subpoena once the party "develops a foundation for its belief that [the subpoena's target] possesses unique, non-duplicative knowledge of facts relevant to its claims").

The Court is persuaded, however, that at least some documents would be uniquely in the possession of Stone Point and relevant to Lockton's claims. Lockton contends that two Stone Point employees currently sit on Alliant's board and that another employee formerly did. *See* Tr. at 15:2-11. Lockton thus argues that any potential email communications concerning the leveraged-hire strategy between these employees or with other Stone Point employees would be

---

[1] Lockton also argues that this production is warranted to "test the completeness of Alliant's document production." Motion at 17. While non-party discovery may be warranted to test the adequacy of party productions in certain cases, the Court does not see a basis for ordering production on this ground here. Both cases Lockton cites from this District which have compelled productions on this ground are instances in which the ongoing party discovery contained discrepancies. *See Amphenol Corp. v. Fractus, S.A.*, No. 19 Misc. 160 (PAE), 2019 WL 2521300, at *11 (S.D.N.Y. June 19, 2019) (granting a motion to compel to "test the accuracy and completeness of the defendants' discovery responses" where the movant represented it had "encountered numerous discrepancies" between the party's document productions and those obtained from third parties); *MG Freesites Ltd. v. Scorpcast, LLC*, No. 22 Misc. 361 (PAE), 2023 WL 2822272, at *3 (S.D.N.Y. Apr. 7, 2023) (denying a motion to quash where the party seeking production had represented there were "gaps and inconsistencies in the financial information . . . produced in ongoing party discovery"). While Lockton points to issues with Alliant's productions in a different litigation between the parties from six years ago, *see* Motion at 18, Lockton has identified no apparent deficiencies in the productions made in the Missouri litigation. On the present record, this rationale does not persuade the Court that more expansive discovery is necessary.

5

relevant and therefore discoverable. *See* Motion at 16; Tr. at 14:11-14. Lockton also represents that these three active or former Alliant board members did not use internal Alliant emails. *See* Motion at 16; Tr. at 15:16-24. Based on these representations, the Court does not have the same undue burden and repetitious production concerns under Rule 26(b)(2) and Rule 45 with respect to documents in the possession, custody, or control of these three custodians. Nor would the burden of this more modest production be disproportionate to the needs of the Missouri litigation, in which Lockton seeks tens of millions of dollars in damages. *See* Tr. at 28:13-14. The Court thus finds that production of documents from these three custodians—*i.e.*, the three current or former Stone Point employees who now are or previously were on Alliant's board—is warranted, with some limitations.

First, the production shall be limited to documents from 2020 onward, in line with Alliant's production in the Missouri litigation. *See* Opposition at 7. Second, the Court agrees with Stone Point's contention at oral argument that Requests for Production 4 and 10 are overbroad insofar as they seek documents related to Alliant's growth strategies, rather than the leveraged-hire strategy in particular. *See* Tr. at 17:21-18:2. The Court therefore grants the motion to compel as to those requests only insofar as they are limited to the leveraged-hire strategy. Third, the Court also agrees that Request for Production 26 is overbroad insofar as it relates to documents pertaining to all litigation costs, rather than litigation costs tied to the leveraged-hire strategy. *Id.* at 18:3-7. The Court thus compels production under Request for Production 26 only insofar as such documents relate to litigation costs tied to the leveraged-hire strategy.

### B. Confidential Information

The Court does not find it warranted to compel production of documents related to Lockton's confidential information as sought in Request for Production 22, at least at this stage. Lockton represented at the May 20 hearing that it is amenable to limiting any search for these

materials to one year. *See* Tr. at 28:22-29:2. Notwithstanding this narrowing, the Court agrees with Stone Point that this request, as phrased, is overly broad and would lead to the return of non-responsive documents. Lockton appears to acknowledge that Stone Point's initial search for documents responsive to this request returned a significant portion of hits that pertain to an historic investment Stone Point made in Lockton's international division, *see* Tr. at 29:3-10, portending relevance issues.

Those relevance issues are further complicated by the ambiguity of the scope of Lockton's confidential information subject to this request. Presumably the confidential information that Lockton is referring to pertains to its clients or internal business operations. *See* Motion at 1, 19. But Lockton has given the Court no basis to believe that such on-the-ground details would make their way to Alliant's board members or to Alliant's institutional investors. Although the volume of documents subject to this production, as represented to the Court, is relatively modest, *see* Tr. at 22:8-19, the Court has no basis to conclude that this request is reasonably calculated to lead to the discovery of admissible evidence. Thus, the motion to compel compliance with Request for Production 22 is denied without prejudice. If Alliant's productions in the Missouri litigation or Stone Point's productions in response to this Order provide further indication that Stone Point is likely to possess Lockton's confidential information, Lockton may bring a renewed motion to compel.

### C. Privilege Log

The Court denies Lockton's motion to compel production of a privilege log without prejudice as moot. Both in its Reply and at the May 20 hearing, Lockton indicated that the parties were able to reach an agreement on that issue during the meet-and-confer process. *See* Reply at 9-10; Tr. at 4:1-6. If an issue related to the production of a privilege log arises in the future which requires court intervention, Lockton may bring a renewed motion to compel.

###                                   III.   Conclusion

The Court therefore grants in part Lockton's request to compel the production of documents responsive to Requests for Production 3, 4, 5, 6, 10, 13, 19, and 26, subject to the limitations described above.  The Court otherwise denies Lockton's motion without prejudice.  The Clerk of Court is respectfully directed to close Docket Number 8.  The parties shall file a joint status letter by July 1, 2025, addressing the status of Alliant's productions in the Missouri litigation and whether Lockton intends to file a renewed motion to compel.

    SO ORDERED.

Dated: May 29, 2025
       New York, New York

                                                  JOHN P. CRONAN
                                         United States District Judge